IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION

| | | |
|---|---|---|
| ETHEL LOU WEST, | § | |
| | § | |
| PLAINITIFF, | § | CIVIL ACTION NO. 1:15-CV-218-SS |
| | § | |
| V. | § | |
| | § | |
| THE HILLS APARTMENTS, AKA | § | |
| MEADOW RIDGE APARTMENTS, | § | |
| DEFENDANT | § | |

ORDER ON REQUEST TO PROCEED IN FORMA PAUPERIS
AND MOTION TO APPOINT COUNSEL AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's Complaint [#1], Motion to Proceed in Forma Pauperis [#2], Motion to Appoint Counsel [#3], and Supplement to Complaint [#6]. Because Plaintiff is requesting permission to proceed in forma pauperis, the merits of her claims are subject to initial review pursuant to 28 U.S.C. § 1915(e).

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

The undersigned has reviewed Plaintiff's financial affidavit and determined she is indigent and should be granted leave to proceed in forma pauperis. It is therefore ORDERED that Plaintiff is GRANTED in forma pauperis status and that her complaint be filed without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This

indigent status is granted subject to a later determination the action may be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e).  Plaintiff is further advised, although she has been granted leave to proceed in forma pauperis, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending dismissal of Plaintiff's claims.  Therefore, ***service upon Defendants should be withheld*** pending the District Court's review of the recommendations made in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II. REVIEW OF THE MERITS OF THE CLAIMS

### A. Factual Allegations

Plaintiff [1] alleges she was wrongfully evicted from the Hills Apartments, after she refused to pay rent for two months because of substandard living conditions that caused her to fall and take painkillers and muscle relaxants for some period of time, and failure to repair other property problems including leaks and rodent infestations. Compl. [#1] at 1.  She alleges Judge Jacquelyn Wright[2] entered a judgment allowing Plaintiff's eviction and determining that Plaintiff owed some amount of unpaid rent, even though Judge Wright knew the apartments were not up to code. *Id.* at 1-2.  Plaintiff complains that the judgment has appeared on both her and her

---

[1] Plaintiff styles this complaint "Ethel Lou West & James Jr. West v. The Hills Apartments aka Meadow Ridge Apartments." Compl. [#1].  Only Ethel West has signed the complaint, and as she is not an attorney, she cannot represent James West in this action. *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. Tex. 1998).  James West has not filed or joined Plaintiff's complaint and is therefore not a party to this action. *Id.* (a pleading signed by a nonlawyer on his own behalf and on behalf of another is effective only as to the signer.)

[2] The undersigned takes judicial notice that Judge Jacquelyn Wright is a Justice of the Peace in Tarrant County, Texas, Precinct 4.

husband's credit reports, and that the debt reported on both of their credit reports is higher than the amount of the judgment entered against them. *Id.* at 2. In support of her complaint, Plaintiff attaches photos showing the condition of the apartment. *See generally* Suppl. to Compl. [#6]. Plaintiff has also attached several documents evidencing a prior federal court lawsuit she filed against The Hills Apartments, Civil Action No. 4:14-CV-630-O, which was dismissed without prejudice for failure to prosecute on September 3, 2014. Plaintiff has not attached any documentation of the state court suit before Judge Wright. [3]

As noted in footnote 3, below, Plaintiff has included a variety of additional documentation, the relevance of which is not immediately apparent, but which undisputably contains personal data identifiers of non-parties, including minor children. Plaintiff has been specifically informed of the need to redact such personally identifying data as names of minor children, social security numbers of any individual, the full birth date of any individual, and financial account numbers pertaining to any individual. *See* Clerk's Letter of March 17, 2015 [#5] at 2. Because the attachments to Plaintiff's Complaint [#1] contain voluminous amounts of the very type of personally identifiable sensitive data Plaintiff has been instructed to redact or refrain from filing, it is ORDERED that the Court Clerk shall restrict electronic access to this document. Plaintiff is specifically and personally ORDERED to refrain from filing any further

---

[3] Plaintiff has also attached to her complaint (1) the citation and original petition in a child support action concerning the two children of Ethel Ferrell (Plaintiff's maiden name), and James West, her current husband; (2) a June 2013 communication from the Dallas County Public Defender's Office to James West (not a party to the instant suit) concerning a contempt order entered against James West, in Cause No. 09-18430, *In re Interest of West*, a child support action concerning a child James West had with Shanet Lashay Clark, (3) a letter of complaint from James West addressed to the Texas Bar Judicial Board complaining about the procedure and outcome of the child support action regarding his child with Shanet Lashay Clark and requesting removal of various offenses from his criminal history record, (4) a letter from James West to his "Power Attorney" explaining the personal issues behind his child support dispute with Shanet Lashay Clark, and (5) various court documents from the child support hearing concerning the child of James West and Shanet Lashay Clark, including an Order Enforcing Child Support and Medical Support Obligation. Plaintiff has not explained how these attachments relate to her current complaint against The Hills Apartments, nor is their connection apparent to the undersigned. After review of these materials, the undersigned is of the opinion they have no bearing on any claim asserted in the Complaint and do not impact the analysis of Plaintiff's claims for relief.

unredacted personal data of non-parties, including names of minor children, the full social security numbers of any individual, the full birth date of any individual, complete financial account numbers pertaining to any individual, and personally identifiable health information of any individual.

### B. Standard of Review

A district court "shall dismiss" a case brought in forma pauperis at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint may be dismissed as frivolous if it lacks an arguable basis in fact or law. *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733 (1992)). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir.), cert. denied, 123 S. Ct. 660 (2002); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in fact if it encompasses claims which describe "fantastic or delusional" scenarios, or which "rise to the level of the irrational or the wholly incredible." *Denton,* 504 U.S. at 33, 112 S. Ct. at 1733; *see also Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S. Ct. 1827, 1831 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

The court must also initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is

between citizens of different states or foreign nations. 28 U.S.C. §§ 1331 & 1332. A party seeking to invoke the jurisdiction of a federal court must prove jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995).

**C. Discussion**

As a threshold matter, there is no allegation on the face of Plaintiff's complaint that would establish federal question or diversity jurisdiction. This is a dispute over the propriety of Plaintiff's eviction for failure to pay rent in the amount of $3400. Compl. [#1] at 2. [4] Plaintiff does not allege the apartment complex that evicted her is located outside Texas, and even if it were, the amount in controversy was not enough to establish diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff has not alleged any breach of federal or constitutional law in connection with her eviction or the court proceedings surrounding it. Therefore, the undersigned RECOMMENDS Plaintiff's complaint be dismissed for lack of jurisdiction.

Additionally and in the alternative, it is clear from Plaintiff's factual allegations that her federal complaint is an attempt to re-litigate matters that were decided (or that could have been litigated) before Judge Jacquelyn Wright, whom Plaintiff asserts entered a final judgment against her in a prior eviction suit between Plaintiff and The Hills Apartments, sometime during or before August of 2014. The doctrine of res judicata bars the re-litigation of claims that either were or should have been litigated in an earlier suit. *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004).

There are four elements of res judicata: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of

---

[4] Plaintiff has not alleged damages in any amount relating to her alleged fall and use of painkillers and muscle relaxants as a result of substandard conditions on the property. *See generally* Compl. [#1].

action was involved in both actions. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Under the transactional test, used to determine whether both suits involve the same cause of action, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. *Petro-Hunt*, 365 F.3d at 395-96. The critical issue is whether the two actions are based on the "same nucleus of operative facts." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred. *Test Masters*, 428 F.3d at 571.

Plaintiff's own statements establish that this lawsuit involves the same parties as her state court suit before Judge Wright. Compl. [#1] at 1-2. Plaintiff does not challenge that Judge Wright's court was a court of competent jurisdiction. Plaintiff herself acknowledges Judge Wright entered judgment in the prior action. *Id.* at 2. In both the state court suit and the instant suit, Plaintiff makes the same basic claim: she challenges the validity of her eviction and her obligation to pay rent in light of the landlord's failure to maintain decent living standards on the property. *Id.* at 1-2. Thus, even if Plaintiff could establish federal subject matter jurisdiction over this dispute, she could win only if this Court acted to overturn the prior final judgment. *Test Masters*, 428 F.3d at 571. This is exactly the type of collateral attack foreclosed by the doctrine of res judicata. *Id.* Therefore, in the alternative, the undersigned RECOMMENDS Plaintiff's claim be dismissed because it fails to state a claim for which relief can be granted based on the doctrine of res judicata.[5]

---

[5] Finally, even if the hurdles of subject matter jurisdiction and res judicata could be overcome, the court notes that venue for this action is likely not proper in the Western District of Texas. 28 U.S.C. § 1391. While Plaintiff's Complaint does not specify the location of the defendant apartment complex, the fact that Plaintiff alleges the eviction suit took place before Judge Jacquelyn Wright, a Justice of the Peace in Tarrant County, Texas, strongly suggests the defendant is located in Tarrant County and the events giving rise to Plaintiff's claims occurred in Tarrant County—a county which is served by the Northern District of Texas, not the Western District of Texas. *See id.*

The undersigned notes that Plaintiff Ethel Lou West has multiple claims pending before this Court, each of which the undersigned has recommended be dismissed for lack of jurisdiction, failure to state a cognizable claim for relief, and/or frivolousness. Ms. West has previously had multiple claims dismissed before the Northern District of Texas, where she is currently domiciled, for failure to prosecute and as frivolous (including a prior claim against the Hills Apartment Complex that was dismissed without prejudice for failure to prosecute). Under these circumstances, the undersigned specifically warns Ms. West that sanctions may become appropriate when a pro se litigant develops a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).

Based on Ms. West's current conduct in the Western District and her past litigation conduct in the Northern District of Texas, the Court warns Ms. West that if she continues to file meritless, vague, and impossible claims, the Court may impose sanctions in the future. Such sanctions may include a broad injunction, barring her from filing any future actions in the Western District of Texas without leave of court. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (order requiring leave of court before plaintiffs file any further complaints is proper method for handling complaints of prolific litigators).

### III. RECOMMENDATION

The Magistrate Court hereby GRANTS Plaintiff's Application to Proceed In Forma Pauperis.

Because voluminous attachments to Plaintiff's Complaint [#1] contain personal data identifiers of nonparties, IT IS ORDERED that the Clerk of this Court shall restrict electronic access to this document.

Plaintiff is specifically and personally ORDERED to refrain from filing any further unredacted personal data of non-parties, including names of minor children, the full social security numbers of any individual, the full birth date of any individual, complete financial account numbers pertaining to any individual, and personally identifiable health information of any individual.

The undersigned RECOMMENDS the District Court dismiss Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B) and FURTHER RECOMMENDS that the District Court DENY all other pending motions and requests for relief.

## IV.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

      SIGNED on April 14, 2015.

                                                                             _____
MARK LANE
UNITED STATES MAGISTRATE JUDGE